**UNITED STATES of America Plaintiff**

**v.**

**Ramón QUESADA MERCEDES, Defendant**

**No. 01–288M(GAG).**

United States District Court, D. Puerto Rico.

July 27, 2001.

John F. Cicilline, Providence, RI, for Defendant.

José Ruiz, Assistant U.S. Attorney, United States District Court, for the Dis-

trict of Puerto Rico, San Juan, PR, for the United States.

## ORDER

GELPI, United States Magistrate Judge.

Before the Court is "Defendant's Objection to the undersigned Magistrate–Judge's Order of Detention," filed on July 26, 2001. For the reasons that follow, the Court **DENIES** the defendant's motion.

On July 24, 2001, the United States filed a criminal complaint charging the defendant with violating 8 U.S.C. § 1324(a)(1)(A)(i) (alien smuggling) and 18 U.S.C. § 111(a)(1) (assaulting a federal officer while engaged in official duties). On the same date, the defendant was brought for his initial appearance before the undersigned Magistrate–Judge.

The Court at the initial appearance hearing ordered that the defendant be temporarily detained based on the fact that he is not a United States citizen and is illegally in this country. Furthermore, the Court, upon information provided by the Pre–Trial Services Office determined that defendant, not having strong family ties in this jurisdiction, posed a risk of flight. *See* 18 U.S.C. §§ 314 2(d)(1)(B) and 3142(d)(2).

On July 26, 2001, defendant filed the present motion objecting to the Court's temporary detention order. In the same, defendant contends he was not afforded a detention hearing pursuant ·to 18 U.S.C. § 3142(f) at his initial appearance. The defendant also notes that he has not been formally charged with an offense which triggers detention under the Bail Reform Act.

██ Under 18 U.S.C. § 3142(f) a detention hearing shall be held immediately upon the defendant's first appearance, unless the government or the defendant moves for a continuance. In this case,

however, the Court did not detain the defendant pursuant to Section 3142(f). Rather, the Court detained the defendant pursuant to 18 U.S.C. § 3142(d), which provides in relevant part:

> (d) Temporary detention to permit revocation of conditioned release, deportation, or exclusion.

> If the judicial officer determines that -

> (1) Such person—

> (B) Is not a citizen of the United States . . . and

> (2) The person may flee . . . such; judicial officer shall order the detention of the person, for a period not more than ten days, excluding Saturday, Sundays and holidays . . .

██ The Court concludes that the mandate of Section 3142(f) does not preclude the Court from ordering temporary detention pursuant to Section 3142(d). In this case, the Court was informed at the initial appearance that the defendant is an illegal alien. The Court also understood that the defendant at present posed a risk of flight.

Under Section 3142(d) temporary detention is authorized by the Bail Reform Act for up to a period of ten days, excluding weekends and holidays. In this case, the Court has set a detention hearing for August 2, 2001—a shorter period than the ten day statutory period set forth in Section 3142(d).

The defendant, at the detention hearing, may bring forth evidence that he does not pose a risk of flight. His release, if ordered by the Court, however, does not bar the Immigration and Naturalization on Service from administratively detaining him. *See* 8 U.S.C. § 1231(a)(1).

Wherefore, the Court hereby **DENIES** the defendant's objection to the order of

temporary detention issued on July 24, 2001.

**SO ORDERED.**